O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES

| Case No. | CV 11-01431-ODW (AGRx) | Date | August 24, 2011 |
|---|---|---|---|
| Title | *Jeffrey Delong, et al. v. TaxMasters, Inc., et al.* | | |

| Present: The Honorable | Otis D. Wright II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not present | Not present | |

| **Proceedings (In Chambers):** | ORDER **GRANTING in Part** and **DENYING in Part** Defendants's Motion to Dismiss Plaintiffs's Second Amended Complaint. (Dkt. No. 19.) |
|---|---|

## I.   INTRODUCTION

Currently before the Court is Defendants TaxMasters, Inc. and TMIRS Enterprises, LTD's (collectively "Defendants"), Motion to Dismiss Plaintiffs Jeffery Delong and Dennis Holmes's Second Amended Complaint ("SAC"), pursuant to Federal Rule of Civil Procedure 12(b)(6). In particular, the Motion seeks to dismiss only claims three through seven of the SAC. Plaintiffs have since filed an Opposition. Having carefully considered all the papers filed both in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, Defendants' Motion to Dismiss is **GRANTED in PART** and **DENIED in PART.**

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Jeffery Delong ("Delong") and Dennis Holmes ("Holmes") (collectively "Plaintiffs") were customers of TaxMasters, Inc. ("TaxMasters"), a company that performs tax relief services for individuals with federal and state tax debt problems and liabilities. (SAC ¶¶ 6, 14.) TaxMasters does not have any "brick and mortar" stores, but relies upon potential customers to call its telephone number after viewing its nationwide advertisement on television, radio, and internet. (SAC ¶¶ 15, 16.)

Individuals who call the telephone number are connected to a "representative who proposes a solution to the consumer's tax problems and then closes the deal by obtaining the consumer's credit card or bank account information. (SAC ¶ 17.) TaxMasters typically

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES**

| Case No. | CV 11-01431-ODW (AGRx) | Date | August 24, 2011 |
|---|---|---|---|
| Title | *Jeffrey Delong, et al. v. TaxMasters, Inc., et al.* | | |

charges between $1500 to $10,000 for its services; consumers can either pay the entire fee up front or use an installment plan that usually requires a down payment. (SAC ¶ 22.) Allegedly, if a consumer asks to receive a written description of the service prior to purchasing TaxMasters's services, they are told it is not possible to generate the documents without first inputting a payment method into TaxMasters's system. (SAC ¶ 21.) Rather, Plaintiffs claim that before TaxMasters sends a consumer any written materials or contract, it charges the customer's credit card or bank account. (SAC ¶ 24.) Furthermore, Plaintiffs aver TaxMasters refuses to refund any fees collected during the initial phone call, even when asked within twenty-four hours of said phone call or when no service has been performed. (SAC ¶¶ 27, 28.)

When consumers do receive paperwork, Plaintiffs allege it contains numerous previously undisclosed terms and conditions that substantively limit and change the services described during the initial call. (SAC ¶ 25.) Terms include: a minimum charge of the retainer and/or any work preformed if a consumer wishes to cancel; work will not be preformed until full payment is made to TaxMasters; additional charges may be imposed at TaxMasters's discretion; TaxMasters may unilaterally cancel the contract without a refund should they feel a consumer is uncooperative or abusive; consumers waive any right to sue any undisclosed third party subcontracted by TaxMasters. (SAC ¶¶ 26, 29, 31.) Additionally, the paperwork contains a binding arbitration agreement, stating customers must submit to arbitration in Houston, Texas, and pay any fees associated with the arbitration. (SAC ¶ 31.) TaxMasters, on the other hand remains free to sue customers in a forum of their own choosing. (*Id.*)

With regard to Delong, on October 20, 2008, he contacted TaxMasters and agreed to pay $3000 for help with a tax dispute. (SAC ¶ 52.) Delong was allegedly told he could not receive the written contract until he had first authorized TaxMasters to charge his bank account. (SAC ¶ 53.) On October 21, 2008, he returned the executed engagement agreement to TaxMasters, however, he subsequently discovered the terms of the initial telephone conversation had been altered, including that the $3000 may not have been payment in full. (SAC ¶ 55.) Although he tried to cancel the contract via an October 24 fax and email, Delong received a package from TaxMasters on November 6, 2006, saying that it was moving forward with his case; Delong alleges TaxMasters back dated the letter to October 23 in an attempt to deceive him and retain his payment. (SAC ¶¶ 55, 56.) In addition, Delong claims TaxMasters refused to directly refund his $3000. (SAC ¶ 58.)

Holmes had a similar experience. He contacted TaxMasters on or about May 1, 2009, seeking help for a dispute with the IRS. (SAC ¶ 60.) Holmes was told he would be charged

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES**

| Case No. | CV 11-01431-ODW (AGRx) | Date | August 24, 2011 |
|---|---|---|---|
| Title | *Jeffrey Delong, et al. v. TaxMasters, Inc., et al.* | | |

$3150 for TaxMasters services, which he agreed to pay on an instalment plan. (SAC ¶ 62.) A $1600 deposit was deducted from his bank account that same day. (*Id.*) On May 15, 2009, Holmes contacted TaxMasters to cancel his contract; at this time TaxMasters had allegedly performed no substantive work on Holmes's behalf. (SAC ¶¶ 65, 68.) TaxMasters, however, refused to provide any refund and charged Holmes an additional $1550 on July 1, 2009. (SAC ¶¶ 66, 69.)

In light of the foregoing, Plaintiffs filed a Complaint on February 16, 2011. (Dkt. No. 1.) A SAC was filed on May 9, 2011, which proceeds on seven claims: (1) recession of contract; (2) unlawful/void contract for sale of legal services; (3) injunctive relief for violation of the Consumer Legal Remedies Act ("CLRA") under California Civil Code section 1750; (4) damages for violation of CLRA; (5) violation of California Business and Professions Code section 17200 by way of section 17538; (6) violation of California Business and Professions Code section 17200 by way of CLRA; and (7) violation of the California Business and Professions Code section 17200 by way of the Texas Deceptive Trade Practices Act ("DTPA") section 17.46(b)(23). (Dkt No. 16.) Defendants subsequently filed the instant Motion on June 13, 2011, seeking to dismiss claims three through seven.

### III. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim may be dismissed if the plaintiff fails to state a claim upon which relief can be granted. To overcome dismissal, the plaintiff must prove that the complaint complies with Rule 8(a)(2) of the Federal Rules of Civil Procedure by including a "short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, "[the] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face' . . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . [Thus] it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)) (citations omitted) (emphasis added) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). Mere "labels and conclusion" or a "formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 129 S. Ct. at 1949.

"[The Court is] not, however, required to accept as true allegations that contradict exhibits attached to the complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES**

| Case No. | CV 11-01431-ODW (AGRx) | Date | August 24, 2011 |
|---|---|---|---|
| Title | *Jeffrey Delong, et al. v. TaxMasters, Inc., et al.* | | |

*Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (quoting *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031–32 (9th Cir. 2008)).

Additionally, when considering a 12(b)(6) motion, a court is generally limited to considering materials within the pleading and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in light most favorable to [the plaintiff]." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (citing *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). However, the court may consider under the "incorporation by reference doctrine" any "documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (emphasis added) (quoting *In re Silicon Graphics Inc. Sec. Litigation*, 183 F.3d 970, 986 (9th Cir. 1999)). Therefore, the Court will only take notice of those documents referred to in the FAC, which Plaintiffs have not contested authenticity and upon which the Court relies upon in its discussion.

## IV. DISCUSSION

Plaintiffs's claims, with regard to those at issue in the instant Motion, can be broken up into two categories: (1) claims arising under CLRA, and (2) claims arising under the California Business and Professions Code section 17200, otherwise known as the Unfair Competition Law ("UCL"). The Court will address each in turn.

### A. CLAIMS ARISING UNDER CLRA

Claims three, four, and six of the SAC involve allegations stemming from violations of CLRA. CLRA declares unlawful a variety of "unfair methods of competition and unfair or deceptive acts or practices" used in the sale of services to a consumer. *See* Cal. Civ. Code § 1770(a). A plaintiff bringing a CLRA claim must have been exposed to both an unlawful conduct, practice, or misrepresentation on behalf of the defendant, and suffered some type of damage. *Meyer v. Sprint Spectrum L.P.*, 45 Cal. 4th 634, 641 (2009); *Wilens v. TD Waterhouse Grp., Inc*., 120 Cal. App. 4th 746, 754 (Ct. App. 2003).

In order to maintain a claim for damages under CLRA, a plaintiff must provide a defendant with a written notice that identifies the "methods, acts, or practices declared unlawful . . . . thirty days prior to the commencement of an action for damages." Cal. Civ. Code § 1782(a), (a)(1). Defendants argue Plaintiffs failed to comply with this statute because the only written notice they received explaining the alleged CLRA violations was

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES**

| Case No. | CV 11-01431-ODW (AGRx) | Date | August 24, 2011 |
|---|---|---|---|
| Title | *Jeffrey Delong, et al. v. TaxMasters, Inc., et al.* | | |

a February 14, 2011 certified letter from Delong, sent only two days before the Complaint was filed.

Plaintiffs aver that Delong complied with section 1782 in that "[o]nly after Defendant[s] failed to respond and rectify their practices within 30 days" of the February 14 letter "did [Delong] file the First Amended Complaint (FAC) on March 23, 2011[,] adding a claim for damages under the CLRA." (Opp'n at 21.) While it may be true that the third claim in the Complaint arose under CLRA, Plaintiffs specifically limit the claim to "injunctive and other equitable relief." (Compl. ¶¶ 91, 92.) Importantly, a claim for injunctive relief does not need to meet the stringent notice requirement of section 1782(a). *See* Cal. Civ. Code § 1782(d). Indeed, because Plaintiffs initially limited themselves to injunctive relief and amended the Complaint to include damages only after thirty days had passed since the February 14 letter was delivered to Defendants, Defendants's argument of insufficient notice under CLRA is unavailing.

With regard to the actual elements of the claim, Plaintiffs contend Defendants intended to trick consumers into purchasing its product through "bait and switch tactics," part of which was misrepresenting the terms and up-front fees through substantively and procedurally unconscionable clauses in its standard-form contracts.[1] (SAC ¶¶ 100-01, 121, 130, 132.) Here, the engagement agreement includes a clause for binding arbitration to be held in Houston, Texas–also where the headquarters of TaxMasters is located–with all costs to be paid by the consumer, no matter the outcome of the arbitration. (Compl. Exh. A at 8.) Not only does the consumer have no opportunity to negotiate the terms of the contract before payment is made, as they allegedly do not receive the contract until after TaxMasters charges their credit card or bank account, but the Court finds that the arbitration agreement lacks at

---

[1] Although Defendants do not argue their contract terms are conscionable, the Court finds it prudent in its analysis to review whether or not some of the terms in the contract are unconscionable, particularly the arbitration agreement. Under California law, an arbitration agreement is unenforceable if it is both procedurally and substantively unconscionable. *Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1072 (9th Cir. 2007). A clause is procedurally unconscionable when it is oppressive–when there is inequality in bargaining power between the parties to a contract, resulting in no real opportunity to negotiate the terms of the contract and the absence of meaningful choice. *Pokorny v. Quixtar, Inc.*, 601 F.3d 987, 996 (9th Cir. 2010). To determine if a clause is substantively unconscionable, "the focus of the inquiry is whether the term is one-sided and will have an overly harsh effect on the disadvantaged party. . . . Thus, mutuality is the 'paramount' consideration when assessing substantive unconscionability." *Id.* at 997 (citation omitted).

.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES**

| Case No. | CV 11-01431-ODW (AGRx) | Date | August 24, 2011 |
|---|---|---|---|
| Title | *Jeffrey Delong, et al. v. TaxMasters, Inc., et al.* | | |

least "a modicum of bilaterality," *id.* at 998, because it does not require Defendants to use arbitration in settling its disputes nor do Defendants bear any burden for the costs of arbitration. Thus the court finds the arbitration agreement both procedurally and substantively unconscionable.

CLRA section 1780(b) makes the insertion of unconscionable provisions into a contract unlawful pursuant to section 1770(a)(19). Moreover, Plaintiffs allege Defendants intentionally omitted the fact they do not have a refund policy, and had Plaintiffs known that the retainer was not refundable, they would not have provided Defendants with their credit card and/or electronic funds transfer information. (SAC ¶¶ 103-08.) Viewed in this light, the Court finds that Plaintiffs properly identified an unlawful act, conduct, and/or misrepresentation that caused damages when Defendants refused to refund consumers' money after consumers canceled their contracts. Defendants's Motion is **DENIED** as to these claims.

### B. CLAIMS ARISING UNDER THE UCL

Claims five and seven involve allegations stemming from violations of the UCL. *California Business and Professions* Code section 17200 indicates that a claim may be brought against a defendant for any "unlawful, unfair, or fraudulent business act or practice . . . ." Additionally, Plaintiffs must sufficiently allege that (1) they have lost money or property sufficient to constitute an injury in fact under Article III of the Constitution, and (2) there is a causal connection between Defendant's alleged UCL violation and Plaintiff's injury in fact. *See Rubio v. Capital One Bank,* 613 F.3d 1195, 1203-04 (9th Cir. 2010).

"An act is 'unlawful' under section 17200 if it violates an underlying state or federal statute or common law . . . . An act is 'unfair' if the act threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law . . . . A practice is 'fraudulent' if members of the public are likely to be deceived . . . ." *Quintero Family Trust v. OneWest Bank*, *F.S.B.*, No. 09-CV-1561-IEG, 2010 WL 392312, at *12 (S.D. Cal. Jan. 27, 2010). Allegations of fraudulent conduct under section 17200 must satisfy the heightened pleading requirements of *Federal Rule of Civil Procedure* 9(b) ("Rule 9(b)"). *See Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1103-05 (9th Cir. 2003). Rule 9(b) demands that "averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* at 1106 (citation omitted).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES**

| Case No. | CV 11-01431-ODW (AGRx) | Date | August 24, 2011 |
|---|---|---|---|
| Title | *Jeffrey Delong, et al. v. TaxMasters, Inc., et al.* | | |

Defendants's argue *ad nauseum* that the SAC fails because it does not properly allege the heightened pleading requirements of fraud. (*See* Mot. at 6-12.) While Plaintiffs's claim for fraud under section 17200 may be exiguously plead under Rule 9(b), the Court cannot overlook Plaintiffs's concurrent argument that Defendants's conduct was unlawful and unfair because they failed to comply with UCL section 17538. (*See* SAC ¶¶ 138, 160.)

Section 17538(a), states,

It is unlawful in the sale . . . of goods or services, for any person conducting sales [] [] by telephone, the Internet or other electronic means of communication . . . to accept payment from or for a buyer . . . and then permit 30 days, unless otherwise conspicuously stated in the offering or advertisement, or unless a shorter time is clearly communicated by the person conducting the sale or lease, to elapse without doing any one of the following things:

(1) Shipping, mailing, or providing the goods or services ordered.

(2) Mailing a full refund or, if payment was made by means of a transfer from an account, (A) crediting the account in the full amount of the debit, or (B) if a third party is the creditor, issuing a credit memorandum to the third party, who shall promptly credit the account in the full amount of the debit.

Additionally, under section17538(d), a company doing business through the internet or any other electronic means is required to notify consumers of its refund policy in writing before accepting payment.

In this case, Plaintiffs allege that Defendants have violated multiple aspects of section 17538 through their practices and contract terms. More pointedly, Plaintiffs allege Defendants charged customers credit cards or bank accounts for future services, yet failed to provide a full refund within thirty days after customers asked for the agreement to be canceled; even when the request was made within twenty-four hours of the initial phone call and charge. Moreover, Plaintiffs claim terms agreed to during the initial phone call with Defendant were substantively different than the terms laid out in the written contract, making the terms obscure, unclear, and unconscionable. Accepting these facts as true, which the Court must do at this stage of the litigation, it becomes apparent that Plaintiffs properly allege Defendants's conduct violated Section 17538(a)(2). In turn, Defendants acted unlawfully and caused damages to Plaintiffs when the money was not refunded and/or interest was lost on said money during the time it was unlawfully held. Plaintiffs, therefore,

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES

| Case No. | CV 11-01431-ODW (AGRx) | Date | August 24, 2011 |
|---|---|---|---|
| Title | *Jeffrey Delong, et al. v. TaxMasters, Inc., et al.* | | |

properly allege a claim for an unlawful breach of section 17200. It is unnecessary at this time for the Court to determine whether or not Defendants failed to comply with sections 17538(a)(1), (d), as alleged by Plaintiffs. (*See* SAC ¶¶ 29, 143, 148-52.) Defendants's Motion is **DENIED** as to these claims.

### 2. THE TEXAS DTPA

Finally, the Court cannot entertain Plaintiffs's claim for a violation of *California Business and Professions* Code section 17200 by way of the Texas DTPA section 17.46(b)(23). Under the *Erie Doctrine*, a federal court sitting in diversity must apply the substantive law of the forum state. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) ("Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State."). There is no choice-of-law clause apparent in the engagement agreement. Thus, in this diverse federal action where the forum state is California, any substantive law the Court is to consider must be that of California. *See, e.g.*, *Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1002 (9th Cir. 2010) (holding California law should be applied to a diversity action brought in a California federal court rather than Texas law, even when there was a choice-of-law provision in the contract). This fatal error cannot be cured. Defendant's motion is **GRANTED** as to the seventh cause of action **WITH PREJUDICE**.

### V. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiffs properly alleged claims under CLRA and section 17200, except as to the Texas DTPA. Consequently, Defendant's Motion to Dismiss is **GRANTED in PART** without leave to amend and **DENIED in Part.**

**IT IS SO ORDERED.**

: 00

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES

| Case No. | CV 11-01431-ODW (AGRx) | Date | August 24, 2011 |
|---|---|---|---|
| Title | *Jeffrey Delong, et al. v. TaxMasters, Inc., et al.* | | |

| | Initials of Preparer | SE |
|---|---|---|