1  Jeffery L. Caufield (SBN 166524)
   jeff@caufieldjames.com
2  Kenneth E. James (SBN 173775)
   ken@caufieldjames.com
3  Matthew D. McMillan (SBN 262394)
   mattm@caufieldjames.com
4  CAUFIELD & JAMES, LLP
   2851 Camino Del Rio South, Suite 410
5  San Diego, California 92108
   Telephone: 619-325-0441
6  Facsimile : 619-325-0231

7  Attorneys for Defendants TaxMasters,
   Inc. and TMIRS Enterprises, Ltd.

8

9            **UNITED STATES DISTRICT COURT**

10      **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11  JEFFERY DELONG and DENNIS          )  Case No: CV11-01431-ODW-AGR
    HOLMES, individually and on behalf )
12  of all others similarly situated,  )
                                       )  TAXMASTERS' EVIDENTIARY
13                                     )  OBJECTIONS IN SUPPORT OF
              Plaintiffs,             )  OPPOSITION TO PLAINTIFFS'
14                                     )  SECOND MOTION FOR CLASS
                                       )  CERTIFICATION
15       vs.                           )
                                       )
16                                     )
    TAXMASTERS, INC., a Nevada         )  Date:      October 24, 2011
17  Corporation, TMIRS ENTERPRISES,    )  Time:      1:30 p.m.
    LTD., a Texas Partnership, and DOES 1 ) Courtroom: 11
18  through 50, inclusive,             )  Judge:     Hon. Otis D. Wright, II
                                       )
19                                     )  Action Filed: February 16, 2011
              Defendants.             )
20                                     )
                                       )
21                                     )
                                       )
22                                     )
                                       )
23  _____)

24

25

26

27

28

Defendants TaxMasters, Inc. and TMIRS Enterprises, Ltd. (collectively, "TaxMasters" or "Defendants") submit the following objections to evidence submitted by Plaintiffs in support of Plaintiffs' motion for class certification.

## GENERAL PROCEDURAL AND EVIDENTIARY RULES

In Defendants' objections to evidence that follow, Defendants will rely on the following procedural and evidentiary rules, as well as case law cited within certain objections:

**Local Rule 7-7**, which states: "Declarations shall contain only factual, evidentiary matter and shall conform as far as possible to the requirements of F.R.Civ.P 56(c)(4)." Federal Rule of Civil Procedure 56 states:  "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated." Fed. R. Civ. P. 56(c)(4).

**Federal Rules of Evidence ("FRE") 402**, which states: "Evidence which is not relevant is not admissible." "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

**FRE 403**, which states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

**FRE 602**, which states: "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.

**FRE 701**, which limits non-expert witnesses to testify about their opinions only when the witness has personal knowledge and the opinion is helpful to a clear understanding of the witness' testimony, and is not based on scientific, technical or

1

some other specialized knowledge. If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

**FRE 702**, which limits expert witnesses to testify about "scientific, technical, or other specialized knowledge [only if] "the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702.

**FRE 802**, which provides that "hearsay is not admissible" except as authorized by an express statutory exception. "Hearsay" is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801.

**FRE 901(a)** provides that "[t]he requirement of authentication or identification as a condition precedent is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a).

**FRE 1002**, also known as "The Best Evidence Rule," which provides that: "To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress." Documentary evidence must be properly authenticated, by "evidence sufficient to support a finding that the matter in question is what its proponent claims" through affidavits or declarations of persons with personal knowledge through whom they could be introduced at trial. Fed. R. Evid. 1002; *Zoslaw v. MCA Distributing Corp.*, 693 F.2d 870 (9th Cir. 1982); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 (9th Cir. 1989).

**OBJECTIONS**

**A.  Declaration of Caleb Marker In Support Of Plaintiffs' Second Motion For Class Certification Filed September 23, 2011**

| Portion of Declaration | Objections | Ruling |
|---|---|---|
| Paragraph 6, lines 2:23-27: Based on my review of our case file, public documents on file with the U.S. Securities and Exchange Commission, and the deposition testimony of Defendants' chief executive, Patrick Cox, I believe that the Class of California residents Plaintiffs seek to certify have incurred actual damages in excess of $13.8 million. | Plaintiffs' opinion is not supported by any substantial evidence, proof of calculations, or an explanation of the figures used to arrive at this sum.  Counsel's opinions are wholly unsubstantiated and must be disregarded in their entirety as they offend the local and federal rules governing the contents of declarations. (*See*, C.D. L.R. 7-7 stating "Declarations shall contain only factual, evidentiary matter and shall conform as far as possible to the requirements of Fed. R. Civ.P. 56(c)(4); *see also*, Fed. R. Civ. P. 56(c)(4) stating "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify | ☐ Sustained<br>☐ Overruled |

| | | |
|---|---|---|
| | on the matters stated."). Also see Fed. R. Evid. 602, Fed. R. Evid. 701. | |
| Paragraph 23, lines 9:19-20: Prior to the Court's Order on Defendant's [sic] motion to dismiss, the parties maintained a professional and cooperative relationship. | Counsel's statements are irrelevant and lack foundation. Fed. R. Evid. 402; Fed. R. Civ.P. 56(c)(4); C.D. L.R. 7-7. | ☐ Sustained<br>☐ Overruled |
| Paragraph 26, lines 10:7-8: Plaintiffs' counsel and defense counsel began the meet and confer process regarding our motion for class certification in early June 2011. | Counsel's statements are misleading and lack foundation. Discussions referenced only dealt with the timing of the class certification motion with respect to the extension counsel required. Counsel never discussed the substantive merits of their claims' suitability for class action treatment prior to filing the certification motion.  The only discussions that ever took place between counsel were strictly limited to scheduling issues and never to the actual merits of certification.<br>C.D. L.R. 7-3; See, *Clark v. Time Warner*, 2007 WL 1334965, *1 | ☐ Sustained<br>☐ Overruled |

| | | |
|---|---|---|
| | (C.D.Cal. May 3 2007); *Halicki v. Carrol Shelby Intern, Inc.*, 2005 WL 5253338, *20 (C.D.Cal., November 14, 2005), *vacated on other grounds*. | |
| Paragraph 27, lines 10:9-13: On June 15, 2011, the parties met and conferred at length pursuant to Fed. R. Civ. P. 26(f). In the joint scheduling report subsequently filed on June 30, 2011, the parties note that one of the legal issues that they had discussed the "(1) the appropriateness of certifying and maintaining this case as a class action." | Counsel's statements are misleading and lack foundation. Discussions referenced only dealt with the timing of the class certification motion with respect to the extension counsel required. Counsel never discussed the substantive merits of their claims' suitability for class action treatment prior to filing the certification motion.  The only discussions that ever took place between counsel were strictly limited to scheduling issues and never to the actual merits of certification. C.D. L.R. 7-3; See, *Clark v. Time Warner*, 2007 WL 1334965, *1 (C.D.Cal. May 3 2007); *Halicki v. Carrol Shelby Intern, Inc.*, 2005 WL 5253338, *20 (C.D.Cal., November 14, 2005), *vacated on other grounds*. | ☐  Sustained ☐  Overruled |

| | | |
|---|---|---|
| Paragraph 28, lines 10:14-18: On June 20, 2011, the parties submitted a stipulation to continue the L.R. 23-3 deadline by thirty days, noting that "the parties have met and conferred telephonically on a number of occasions and desire to have the Court rule on Defendants' motion to dismiss and have the pleadings set before moving for and/or opposing class certification." | Counsel's statements are misleading and lack foundation. Discussions referenced only dealt with the timing of the class certification motion with respect to the extension counsel required. Counsel never discussed the substantive merits of their claims' suitability for class action treatment prior to filing the certification motion.  The only discussions that ever took place between counsel were strictly limited to scheduling issues and never to the actual merits of certification. Irrelevant (Fed. R. Evid. 402); C.D. L.R. 7-3; See, *Clark v. Time Warner*, 2007 WL 1334965, *1 (C.D.Cal. May 3 2007); *Halicki v. Carrol Shelby Intern, Inc.*, 2005 WL 5253338, *20 (C.D.Cal., November 14, 2005), *vacated on other grounds.* | ☐  Sustained<br>☐  Overruled |
| Paragraph 30, lines 11:1-5: On July 26, 2011, I received correspondence from Mr. McMillan | Irrelevant (Fed. R. Evid. 402) | ☐  Sustained<br>☐  Overruled |

| | | |
|---|---|---|
| requesting a meet and confer regarding a proposed motion to transfer the case to the Southern District of Texas.  Christopher Ridout responded by e-mail and confirmed that we were available to meet and confer by telephone that Friday after we returned from an MDL hearing in San Francisco. | | |
| Paragraph 31, lines 11:6-10: On July 26, 2011, I sent an e-mail to Mr. McMillan informing him that unless he informed me to the contrary the next day, we would assume that their clients' unwillingness to stipulate to class certification had not changed since the last meet and confer on July 11, 2011 and we would file our motion later the | Counsel's statements are misleading and lack foundation.  Counsel never discussed the substantive merits of Plaintiffs' claims' suitability for class action treatment prior to filing the certification motion.  The only discussions that ever took place between counsel were strictly limited to scheduling issues and Plaintiffs' request to stipulate to certification, but never to the actual merits of certification. Irrelevant (Fed. R. Evid. 402); C.D. | ☐ Sustained<br>☐ Overruled |

TAXMASTERS' EVIDENTIARY OBJECTIONS TO PLAINTIFFS'
SECOND MOTION FOR CLASS CERTIFICATION

(11cv01431)

| | | |
|---|---|---|
| next day pursuant to the Court's recent order. Mr. McMillan never responded. | L.R. 7-3; See, *Clark v. Time Warner*, 2007 WL 1334965, *1 (C.D.Cal. May 3 2007); *Halicki v. Carrol Shelby Intern, Inc.*, 2005 WL 5253338, *20 (C.D.Cal., November 14, 2005), *vacated on other grounds.* | |
| Paragraph 33, lines 11:13-18: A few hours after the motion for class certification was filed, Mr. McMillan sent correspondence to Plaintiffs' counsel. The letter: (1) confirmed Defendants' receipt of the motion; (2) requested that Plaintiffs continue the hearing date to comply with a previous stipulation; (3) threatened to seek *ex parte* relief if we refused to continue the hearing; and (4) never mentioned Defendants' perceived lack of a meet and confer in regards to | Irrelevant (Fed. R. Evid. 402); C.D. L.R. 7-3; See, *Clark v. Time Warner*, 2007 WL 1334965, *1 (C.D.Cal. May 3 2007); *Halicki v. Carrol Shelby Intern, Inc.*, 2005 WL 5253338, *20 (C.D.Cal., November 14, 2005), *vacated on other grounds.* | ☐ Sustained <br> ☐ Overruled |

| | | |
|---|---|---|
| the class certification motion. | | |
| Paragraph 34, lines 11:19-24: The next day, I e-mailed Mr. McMillan and agreed to stipulate to continue the hearing for September 12, 2011. I informed him that I was in San Francisco for a court hearing until that Friday, but could review and approve a stipulation if he provided me with one by e-mail. Mr. McMillan replied and stated that I should draft and file the stipulation, which I did after returning to my office on August 1, 2011. | Irrelevant (Fed. R. Evid. 402); C.D. L.R. 7-3; See, *Clark v. Time Warner*, 2007 WL 1334965, *1 (C.D.Cal. May 3 2007); *Halicki v. Carrol Shelby Intern, Inc.*, 2005 WL 5253338, *20 (C.D.Cal., November 14, 2005), *vacated on other grounds*. | ☐ Sustained<br>☐ Overruled |
| Paragraph 35, lines 11:25-27: Defendants first alerted Plaintiffs to their belief that Plaintiffs failed to properly meet and confer prior to filing their | Irrelevant (Fed. R. Evid. 402); C.D. L.R. 7-3; See, *Clark v. Time Warner*, 2007 WL 1334965, *1 (C.D.Cal. May 3 2007); *Halicki v. Carrol Shelby Intern, Inc.*, 2005 WL 5253338, *20 (C.D.Cal., | ☐ Sustained<br>☐ Overruled |

| | | |
|---|---|---|
| motion in their opposition brief filed on August 22, 2011 (Doc. 50), 25 days after the motion was originally filed. | November 14, 2005), *vacated on other grounds.* | |
| Paragraph 38, lines 12:15-19: After it was clear that both parties intended to proceed with moving for and opposing class certification with the same arguments previously submitted to the Court and that no partial resolutions or stipulations were possible, Christopher Ridout suggested that the parties present a stipulation to the Court to resubmit the matter based upon the briefs already on file. | Counsel's statements are misleading, lack foundation, and irrelevant. *See,* Fed. R. Civ.P. 56(c)(4); Fed. R. Evid. 402; Fed. R. Evid. 602; C.D. L.R. 7-7. | ☐  Sustained<br>☐  Overruled |
| Paragraph 40, lines 12:25-26: Mr. McMillan seemed to agree with the merits of Plaintiff's proposed stipulation, but indicated | Counsel's statements are misleading, lack foundation, and irrelevant. *See,* Fed. R. Civ.P. 56(c)(4); Fed. R. Evid. 402; Fed. R. Evid. 602; C.D. L.R. 7-7. | ☐  Sustained<br>☐  Overruled |

TAXMASTERS' EVIDENTIARY OBJECTIONS TO PLAINTIFFS'
SECOND MOTION FOR CLASS CERTIFICATION
(11cv01431)

| | | |
|---|---|---|
| that he would need client approval. | | |
| Paragraph 42, lines 13:4-10: I responded to Mr. McMillan's e-mail and asked on what grounds Defendants declined the stipulation and to clarify any issues relating to class certification that Defendants were willing to stipulate to.  Mr. McMillan declined to provide a basis for declining the proposed stipulation and noted that defense counsel "intend[ed] to fully reserve [their] client's rights with respect to contesting any and all parts of the class certification motion, including submitting new and/or different facts, evidence, and law." | Counsel's statements are misleading, lack foundation, and irrelevant. *See*, Fed. R. Civ.P. 56(c)(4); Fed. R. Evid. 402; Fed. R. Evid. 602; C.D. L.R. 7-7. | ☐ Sustained<br>☐ Overruled |

TAXMASTERS' EVIDENTIARY OBJECTIONS TO PLAINTIFFS'
SECOND MOTION FOR CLASS CERTIFICATION
(11cv01431)

1

2   **IT IS SO ORDERED.**

3

4

5

6   DATED: _____, 2011

7                                          _____
                                           Honorable Otis D. Wright, II

8                                          United States District Judge
                                           Central District of California

9

10

11

12   **RESPECTFULLY SUBMITTED,**

13

14   DATED:  October 3, 2011                    Caufield & James, LLP

15

16                                              /s/  Matthew McMillan
                                                Matthew D. McMillan, Esq.

17                                              Attorneys for Defendants TaxMasters,
                                                Inc. and TMIRS Enterprises, Ltd.

18

19

20

21

22

23

24

25

26

27

28

TAXMASTERS' EVIDENTIARY OBJECTIONS TO PLAINTIFFS'
SECOND MOTION FOR CLASS CERTIFICATION
                                                                    (11cv01431)