Jeffery L. Caufield (SBN 166524)
jeff@caufieldjames.com
Kenneth E. James (SBN 173775)
ken@caufieldjames.com
Matthew D. McMillan (SBN 262394)
mattm@caufieldjames.com
CAUFIELD & JAMES, LLP
2851 Camino Del Rio South, Suite 410
San Diego, California 92108
Telephone: 619-325-0441
Facsimile : 619-325-0231

Attorneys for Defendants TaxMasters, Inc. and TMIRS Enterprises, Ltd.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY DELONG and DENNIS HOLMES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TAXMASTERS, INC., a Nevada Corporation, TMIRS ENTERPRISES, LTD., a Texas Partnership, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No: CV11-01431-ODW-AGR<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TAXMASTERS' EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING TAXMASTERS' MOTION FOR CLARIFICATION<br><br>Date:       TBD<br>Time:      TBD<br>Courtroom: 11<br>Judge:     Hon. Otis D. Wright, II<br><br>Action Filed: February 16, 2011 |

## I. INTRODUCTION

TaxMasters respectfully requests that this Court hear the motion for clarification on shortened time because TaxMasters will be irreparably prejudiced if not permitted to oppose Plaintiffs' arguments on the jurisdictional amount in controversy. TaxMasters is requesting that the Court clarify the Order to Show Cause re: Amount in Controversy issued on October 31, 2011 (the "Order) to allow TaxMasters to file a ten (10) page opposition brief by November 21, 2011. If the Court does not hear TaxMasters' motion now, TaxMasters will be deprived of due process and fundamental fairness as it will forever lose its right to oppose Plaintiffs' contentions. Good cause therefore exists because a regularly noticed motion will not be heard before November 14 when Plaintiffs are to submit their additional briefing.

## II. GOOD CAUSE EXISTS FOR EMERGENCY RELIEF

### A. Legal Standard

An ex parte motion should be granted where the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures and where the moving party is not at fault in creating the need for ex parte relief. Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995). Both requirements are met in the instant case.

### B. TaxMasters Will Be Irreparably Prejudiced If The Court Does Not Hear TaxMasters' Motion Before November 14, 2011

Good cause exists because TaxMasters will be irreparably prejudiced if the Court does not hear TaxMasters' motion requesting permission to oppose Plaintiffs' newly-asserted arguments. See, Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975). The Order directs Plaintiffs to file additional briefing, but is silent on whether TaxMasters is permitted to file an opposition as the Order neither expressly allows nor disallows TaxMasters from doing so. (See, Declaration of Matthew D. McMillan in Support of TaxMasters' Ex Parte Application filed

concurrently herewith ("Ex Parte McMillan Decl.") at ¶ 3, Ex. 1). If TaxMasters is not allowed the opportunity to file an opposition brief, then TaxMasters will be unfairly deprived of due process as it will forever lose its right to contest this fundamental element of class certification. Thus, it is essential that the Court hear TaxMasters' motion before November 14, 2011 and clarify the Order as so requested. A regularly noticed motion will not be heard in time and any opportunity for TaxMasters to oppose Plaintiffs' contentions will be lost.

Therefore, good cause exists for the Court to hear TaxMasters' motion for clarification on shortened time.

### C. **TaxMasters Is Without Fault In Creating The Need For Ex Parte Relief**

Good cause also exists because TaxMasters is without fault in creating the need for this emergency relief. The Court issued the Order earlier this week on October 31, 2011. TaxMasters has promptly sought clarification of the Order, and thus is without fault in creating the need for emergency relief.

TaxMasters' ex parte application should therefore be granted because good cause exists for emergency relief.

## III. TAXMASTERS PROVIDED NOTICE IN ACCORDANCE WITH LOCAL RULES 7-19 AND 17-19.1

TaxMasters detailed the substance, date and time of the instant ex parte application, and the substance of its proposed motion for clarification in a letter to Plaintiffs' counsel dated November 3, 2011. (Ex Parte McMillan Decl. at ¶ 4, Ex. 2). Plaintiffs' counsel responded on November 4, 2011, but refused to indicate whether Plaintiffs will oppose the instant application or motion for clarification. (Ex Parte McMillan Decl. at ¶ 5, Ex. 3). Plaintiffs' counsel also refused to indicate whether they would stipulate to shortened time. Id.

///

///

## IV. CONCLUSION

For the foregoing reasons, TaxMasters respectfully requests that this Court grant its application for an order shortening time, and hear its motion for clarification at the earliest time convenient for the Court and prior to November 14, 2011 when Plaintiffs are to file their additional briefing on the jurisdictional amount in controversy.

DATED: November 4, 2011          Caufield & James, LLP

/s/ Matthew McMillan
Matthew D. McMillan, Esq.
Ken E. James, Esq.
Jeffery L. Caufield, Esq.
Attorneys for Defendants Taxmasters, Inc. and TMIRS Enterprises, Ltd.